NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DIAGNE ABOU,<br><br>             Petitioner,<br><br>    v.<br><br>BUREAU OF IMMIGRATION &<br>CUSTOMS ENFORCEMENT ("ICE"),<br><br>             Respondent. | Civil Action<br>07-1137 (PGS)<br><br>**OPINION** |

APPEARANCES:

    Diagne Abou, pro se
    #A-93 433 825
    Elizabeth Detention Facility
    Elizabeth, New Jersey 07201

**Peter G. Sheridan, District Judge**

    On March 9, 2007, Diagne Abou (hereinafter "Petitioner"), currently confined at the Elizabeth Detention Facility, Elizabeth, New Jersey, filed an application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

    On October 2, 2006, Petitioner, a native and citizen of Senegal, was denied asylum and withholding of removal by his Immigration Judge (hereinafter "IJ"). See Pet. at 10. On February 26, 2007, the Board of Immigration Appeals (hereinafter "BIA")

Page -1-

affirmed the IJ's finding that Petitioner was: (1) removable, and (2) subject to removal to Senegal. See id. Petitioner now contests his removal order by asserting that the decisions of IJ and BIA were procedurally and substantively defective. See id. ¶ 10. Petitioner maintains that his order of removal must be revoked and seeks stay of removal proceedings. See Docket Entry No. 1-3.

### DISCUSSION

On May 11, 2005, the President signed into law the REAL ID Act of 2005. See Pub. L. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Section 106(a)(5) of the REAL ID Act of 2005 amends 8 U.S.C. § 1252 to provide that, "[n]otwithstanding any other provision of law (statutory or non[-]statutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e)." See REAL ID Act of 2005, § 106(a)(5), to be codified at 8 U.S.C. § 1252(a)(5).

Moreover, pursuant to 28 U.S.C. § 1631,

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal

shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

The applicable venue provision, 8 U.S.C. § 1252(b)(2), provides that a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Since it appears that the seat of the immigration court that issued the order of removal at issue was in New Jersey, the case should have been filed with the United States Court of Appeals for the Third Circuit.

## CONCLUSION

Since Petitioner's application contesting his removal order should have been filed with the Court of Appeals for the Third Circuit, this Court transfers the case accordingly.

An appropriate Order and a copy of the June 16, 2005, Special Notice of the United States Court of Appeals for the Third Circuit accompany this Opinion.

　　　　　　　　　　　　　　　　　　　／s／ Peter G. Sheridan
　　　　　　　　　　　　　　　　　　　Peter G. Sheridan
　　　　　　　　　　　　　　　　　　　United States District Judge

Dated:

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

June 16, 2005

## SPECIAL NOTICE

RE: Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat 231 (May 11, 2005)

This notice is to the District Courts and litigants within the Third Circuit. It outlines the preferred procedures for transferring cases from District Courts to the Court of Appeals pursuant to the Real ID Act of 2005.

1. Because not all petitions for habeas corpus are subject to transfer and because cases to be heard as a petition for review must be transferred to the Circuit Court of Appeals where the Immigration Judge concluded proceedings, it is suggested that District Judges provide the parties an opportunity to stipulate to or brief the propriety of the transfer order.

2. If the District Court agrees that the case is appropriate for transfer under the Real ID Act, the District Court should issue an order of transfer and send the case to the appropriate Court of Appeals as a petition for review.

3. The transfer order should indicate that the transfer is made pursuant to the Real ID Act. The transfer order should also indicate where the Immigration Judge concluded the proceedings, which Court of Appeals the case should be transferred to, and include the petitioner's Alien Number (the eight-digit number preceded by the letter A).

4. Any stay previously issued by the District Court shall remain in place during and after transfer. The Government may move in the Court of Appeals to vacate the stay if appropriate.

5. The District Court clerks are requested to transmit the entire record to the Court of Appeals at the same time they transmit the transfer order. If only a portion of the District Court case is being transferred to the Court of Appeals as a petition for review, that portion of the District Court record which relates to the petition for review should be forwarded to the Court of Appeals. The Court of Appeals will accept paper documents or electronic documents.

6. Within ten days of the case being opened in the Court of Appeals, the parties shall inform the clerk whether the record transmitted by the District Court is sufficient for purposes of the petition for review or whether additional documents are necessary.

/s/ Anthony J. Scirica
Chief Judge

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

June 16, 2005

## SPECIAL NOTICE

RE: Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat 231 (May 11, 2005)

      This notice is to the District Courts and litigants within the Third Circuit. It outlines the preferred procedures for transferring cases from District Courts to the Court of Appeals pursuant to the Real ID Act of 2005.

      1. Because not all petitions for habeas corpus are subject to transfer and because cases to be heard as a petition for review must be transferred to the Circuit Court of Appeals where the Immigration Judge concluded proceedings, it is suggested that District Judges provide the parties an opportunity to stipulate to or brief the propriety of the transfer order.

      2. If the District Court agrees that the case is appropriate for transfer under the Real ID Act, the District Court should issue an order of transfer and send the case to the appropriate Court of Appeals as a petition for review.

      3. The transfer order should indicate that the transfer is made pursuant to the Real ID Act. The transfer order should also indicate where the Immigration Judge concluded the proceedings, which Court of Appeals the case should be transferred to, and include the petitioner's Alien Number (the eight-digit number preceded by the letter A).

      4. Any stay previously issued by the District Court shall remain in place during and after transfer. The Government may move in the Court of Appeals to vacate the stay if appropriate.

      5. The District Court clerks are requested to transmit the entire record to the Court of Appeals at the same time they transmit the transfer order. If only a portion of the District Court case is being transferred to the Court of Appeals as a petition for review, that portion of the District Court record which relates to the petition for review should be forwarded to the Court of Appeals. The Court of Appeals will accept paper documents or electronic documents.

      6. Within ten days of the case being opened in the Court of Appeals, the parties shall inform the clerk whether the record transmitted by the District Court is sufficient for purposes of the petition for review or whether additional documents are necessary.

                                                          /s/ Anthony J. Scirica
                                                                Chief Judge